UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALEX ARCHER,**

    *Plaintiff*,

    v.

**FACTOR TRUST, INC.,**

    *Defendant*.

Case Number:     8:24-cv-193

**JURY TRIAL DEMANDED**

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Alex Archer** ("**Mr. Archer**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **FactorTrust, Inc.** ("**FactorTrust**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Archer against FactorTrust for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. FactorTrust is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat., and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendants within Hillsborough County, which is in the Middle District of Florida.

## PARTIES

5. **Mr. Archer** is a natural person residing in the City of Tampa, Hillsborough County, Florida.

6. Mr. Archer is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7. **FactorTrust** is a Delaware limited liability company with a principal business address of **Post Office Box 3653, Alpharetta, GA, 30023**.

8. FactorTrust's Delaware registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

9. FactorTrust is a *Consumer Reporting Agency* ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Consumer Disclosure Obligation

10. Mr. Archer requested and received his consumer report from FactorTrust (the "**FactorTrust Report**") on 7/21/2023. **SEE PLAINTIFF'S EXHIBIT A.**

11. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Archer's request, FactorTrust was required to "clearly and accurately" disclose all information in Mr. Archer's file at the time of his request, as well as the sources of information relied upon.

12. FactorTrust provided its disclosure to Mr. Archer at his home address in Hillsborough County, Florida.

### Incorrectly Listed Debt

13. The FactorTrust Report alleged that Mr. Archer owed a debt of $1,939.00 (the "**Debt**") from 10-05-2018 to Crest Financial Services, LLC ("**Crest Financial**"). **SEE PLAINTIFF'S EXHIBIT B**.

14. FactorTrust's details of the Debt were last updated on 10/6/2018, only one day after the Debt was created. *Id.*

15. However, Mr. Archer paid the Debt in full years ago.

16. In fact, Mr. Archer paid in full or settled two other accounts with Crest Financial in the past and is in good standing with them, as can be seen on the exhibit. *Id.*

17. Despite this, the FactorTrust Report still alleged in 2023 that Mr. Archer currently owes the Debt to Crest Financial.

18. In addition, since October 12, 2021, FactorTrust has sold reports with the false status of the alleged debt, through a mixture of two different types of inquiries, for a total of at least 9 times. **SEE PLAINTIFF'S EXHIBIT C.**

19. As many months have already passed since Mr. Archer's FactorTrust Report, more reports could have been sold within that time with the erroneous information about the Debt.

20. It is also reasonable to assume that a potential creditor of Mr. Archer would be discouraged to issue credit after seeing this five-year-old, unpaid debt from 2018 in the thousands of $1,939.00.

21. Therefore, the FactorTrust Report clearly contains erroneous information or is missing information entirely and cannot be trusted.

22. FactorTrust's credit reports containing its information have negatively impacted Mr. Archer's credit score and ability to gain potential creditors.

23. The potential of FactorTrust's consumers' credit reports to be erroneous is further highlighted by the significant delay in purging stale data, updating it or verifying it.

24. Thus, FactorTrust failed to use reasonable procedures when preparing the credit reports sold to each lender.

25. As a result of FactorTrust's failure to prepare reports utilizing procedures to ensure maximum possible accuracy, Mr. Archer has suffered an impaired ability to obtain credit and services as well as economic losses in attempting to fix FactorTrust's errors.

### FactorTrust's Knowledge of the Issues

26. FactorTrust has been sued multiple times prior to the generation of FactorTrust's Disclosure of Mr. Archer for the same issues with other consumers' disclosures.

27. Despite this knowledge and the fact that simple technological adjustments would prevent FactorTrust generating erroneous credit reports, FactorTrust continues to sell consumers' reports with erroneous or missing information to third-parties.

28. FactorTrust's knowing and repeated conduct warrants an award of *punitive damages*.

29. FactorTrust's failure to disclose all of the information in te consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profit.

30. At face value, FactorTrust's current policies do not reasonably ensure the "maximum possible accuracy" of credit reports produced, despite being required to do so under the FCRA, 15 U.S.C. § 1681e(b).

31. As a CRA, FactorTrust knows that the FCRA requires it to disclose the sources of information relied upon in compiling a consumer's credit report when providing a consumer disclosure.

32. FactorTrust also knows that its disclosures *do not* inform the consumer as to the sources of data on which it relies to determine key information and what to include.

**FactorTrust's Duty to Prepare Reports with Maximum Possible Accuracy**

33. The FCRA is clear in its requirement that FactorTrust, as a CRA, is required to prepare accurate reports:

> Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

34. FactorTrust was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Archer.

35. Including a 2018-status of an alleged, disputed and settled debt in Mr. Archer's associated July 2023 consumer report is an inherently unreasonable procedure for

ensuring maximum possible accuracy, especially when the last update occurred only one day after the Debt was created.

37.     Thus, FactorTrust failed to use reasonable procedures when preparing the credit reports sold to each lender.

37.     As a result of FactorTrust's failure to prepare reports utilizing procedures to ensure maximum possible accuracy, Mr. Archer has suffered an impaired ability to obtain credit and services as well as economic losses in attempting to fix FactorTrust's errors.

38.     Mr. Archer has also undergone severe emotional distress from this matter.

39.     Mr. Archer has hired the aforementioned law firm to represent him in this matter and has assigned the firm his right to fees and costs.

## COUNT I
## FACTORTRUST'S WILLFUL VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681e(b)

40.     Mr. Archer adopts and incorporates paragraphs 1 – 39 as if fully stated herein.

41.     FactorTrust violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Mr. Archer when FactorTrust sold at least **nine (9) reports** which contained an allegedly owed debt which had been settled years ago, an incorrect housing status, undisclosed information, erroneous information, and significantly important information missing entirely.

42.     FactorTrust's conduct was willful and intentional, or, alternatively, was done with reckless disregard for its duties under the FCRA to provide reports with maximum

possible accuracy, and its policies could reasonably be foreseen to cause harm to Mr. Archer.

43. As a result of its conduct, FactorTrust is liable to Mr. Archer pursuant to the FCRA for the greater of Mr. Archer's actual damages or statutory damages of up to $1,000 for *each occurrence* (totaling $9,000.00), per 15 U.S.C. § 1681n.

**WHEREFORE,** Mr. Archer respectfully requests this Honorable Court enter judgment against FactorTrust for:

a. The greater of Mr. Archer's actual damages or statutory damages of **$1,000** per incident (for a total of **$9,000,** based solely upon information known at the time of filing), pursuant to 15 U.S.C. § 1681n(a)(1)(A),

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## FACTORTRUST'S NEGLIGENT VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681e(b)
## In the Alternative to Count I

44. Mr. Archer adopts and incorporates paragraphs 1 – 39 as if fully stated herein.

45. FactorTrust violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Mr. Archer when FactorTrust sold at least **nine (9) reports** which contained an

allegedly owed debt which had been settled years ago, an incorrect housing status, undisclosed information, erroneous information, and significantly important information missing entirely.

46. FactorTrust's conduct was the result of negligence, and FactorTrust is liable to Mr. Archer for his actual damages per 15 U.S.C. § 1681o.

**WHEREFORE,** Mr. Archer respectfully requests this Honorable Court enter judgment against FactorTrust for:

a. Mr. Archer's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## COUNT III
## FACTORTRUST'S WILLFUL VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681g(2)

47. Mr. Archer adopts and incorporates paragraphs 1 – 39 as if fully stated herein.

48. FactorTrust violated **15 U.S.C. § 1681g(2),** when responding to Mr. Archer's request for his consumer disclosure, by failing to clearly and accurately disclose to Mr. Archer, a Consumer, all of the information in his file at the time of the request. Specifically, FactorTrust disclosed two confusing housing statuses, failed to disclose the source of each status or as to why either of the statuses were listed, and included other erroneous information; thereby preventing Mr. Archer from investigating and rectifying the issues.

49. FactorTrust's conduct was willful and intentional, or, alternatively, was done with reckless disregard for its duties under the FCRA to provide clear and accurate disclosures, and its policies could reasonably be foreseen to cause harm to Mr. Archer.

50. As a result of its conduct, FactorTrust is liable to Mr. Archer pursuant to the FCRA for the greater of Mr. Archer's actual damages or statutory damages of up to **$1,000** for *each occurrence* (for a total of **$9,000,** based solely upon information known at the time of filing), per 15 U.S.C. § 1681n.

**WHEREFORE,** Mr. Archer respectfully requests this Honorable Court enter judgment against FactorTrust for:

a. The greater of Mr. Archer's actual damages or statutory damages of **$1,000** per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

### COUNT IV
### FACTORTRUST'S NEGLIGENT VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681g(2)
### In the Alternative to Count III

51. Mr. Archer adopts and incorporates paragraphs 1 – 39 as if fully stated herein.

52. FactorTrust violated **15 U.S.C. § 1681g(2),** when responding to Mr. Archer's request for his consumer disclosure, by failing to clearly and accurately disclose

to Mr. Archer, a Consumer, all of the information in his file at the time of the request. Specifically, FactorTrust disclosed two confusing housing statuses, failed to disclose the source of each status or as to why either of the statuses were listed, and included other erroneous information; thereby preventing Mr. Archer from investigating and rectifying the issues.

53. FactorTrust's conduct was willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide clear and accurate disclosures, and its policies could reasonably be foreseen to cause harm to Mr. Archer.

54. FactorTrust's conduct was the result of negligence and FactorTrust is liable to Mr. Archer for his actual damages per 15 U.S.C. § 1681o.

**WHEREFORE,** Mr. Archer respectfully requests this Honorable Court enter judgment against FactorTrust for:

e. Mr. Archer's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

f. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681o(a)(2); and,

g. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Archer hereby demands a jury trial on all issues so triable.

Respectfully submitted on January 22, 2024, by:

**SERAPH LEGAL, P. A.**

/s/ *Christian E. Cok*
Christian E. Cok, Esq.
Florida Bar Number: 1032167
Seraph Legal, P. A.
2124 W Kennedy Blvd., Suite A
Tampa, FL 33606
(813) 321-2349
CCok@SeraphLegal.com
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**

A    Plaintiff`s FactorTrust Report, July 21, 2023 - Excerpt
B    Plaintiff`s FactorTrust Report, July 21, 2023, Crest Financial tradeline
C    Plaintiff`s FactorTrust Report, July 21, 2023, Inquiries - Excerpt