UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALEX ARCHER,**

    **Plaintiff,**

v.                                               Case No.: 8:24-cv-193-JLB-AAS

**FACTOR TRUST, INC.,**

    **Defendant.**
_____/

## ORDER

Defendant FactorTrust, Inc. (FactorTrust) requests leave to serve a subpoena on non-party Crest Financial Services, Inc. (Crest). (Doc. 16). Plaintiff Alex Archer does not oppose the motion. (*Id.*, p. 4).

**I.   BACKGROUND**

Mr. Archer sued FactorTrust for alleged violations of the Fair Credit Reporting Act (FCRA). (Doc. 15). Mr. Archer claims the Crest account reporting to his credit file does not belong to him. (*Id.*, ¶¶ 13, 15). Mr. Archer alleges FactorTrust failed to assure maximum accuracy of Mr. Archer's consumer reports and to disclose all information in Mr. Archer's file, upon request. (*Id.*, ¶¶ 39, 43, 46, 50).

The court issued a Fast-Track Scheduling Order, requiring the parties

serve and exchange documents within their possession, custody or control that resolved to the disputed information in this action, to participate in mediation before May 29, 2024, and staying discovery, except as necessary to comply with the scheduling order. (Doc. 8). FactorTrust requests leave of the court's order staying discovery solely to serve a subpoena on Crest. (Doc. 16).

## II.   ANALYSIS

"[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Parsons v. Anheuser-Busch Companies, Inc.*, No. 3:09-cv-584-J-25MCR, 2010 WL 996520, at *1 (M.D. Fla. Mar. 17, 2010) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)). The Federal Rules "strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

Mr. Archer and FactorTrust agree that information from Crest is relevant and proportional to the needs of this action, as well as necessary for mediation. Crest is in possession and control of integral knowledge and

information relevant to this action. As Crest is not a party, FactorTrust must subpoena such relevant information, before mediation, to assist in researching Mr. Archer's claims against FactorTrust.

### III.   CONCLUSION

FactorTrust's Unopposed Motion for Leave to Serve Subpoena (Doc. 16) is **GRANTED**. This relief from the Fast-Track Scheduling Order is for the limited purpose of serving a subpoena to Crest.

**ORDERED** in Tampa, Florida on March 8, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

3